UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MARIA LOPEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AEROTEK, INC., et al.,<br><br>Defendants. | Case No.: SACV 14-00803-CJC(JCGx)<br><br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

## I. INTRODUCTION & BACKGROUND

On April 8, 2014, Plaintiff Maria Lopez ("Plaintiff") brought this putative class action in Orange County Superior Court against Defendants Aerotek, Inc. ("Aerotek"), Avista Incorporated, and Paula Gutierrez (collectively, "Defendants"). Plaintiff alleges that she was an Aerotek employee from approximately September 2011 to November

2012.  (Dkt. No. 1 ["Notice of Removal"]; Exh. A. ["Compl."] ¶ 9.)   Plaintiff seeks to represent 10 groups of individuals comprised of Defendants' current or former employees in California whose claims fall "within the applicable statute of limitations."  (Compl. ¶ 27.)  Plaintiff alleges a total of 22 causes of action, 12 of which are on behalf of the putative class.  These class claims are pled under California law and are as follows: (1) failure to pay earned wages; (2) failure to pay minimum wage, including overtime compensation at the minimum rate; (3) failure to pay overtime compensation; (4) failure to pay meal period compensation; (5) failure to pay rest period compensation; (6) failure to furnish wage and hour statements; (7) waiting time penalties; (8) conversion; (9) discrimination on the basis of gender; (10) violation of the California Equal Pay Act; (11) violations of California's Unfair Competition Law ("UCL"); and (12) violation of the Private Attorney's General Act.  (Compl. ¶¶ 35–86, 144–57.)  In May 2014, Aerotek removed the action to this Court under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453.  Before the Court is Plaintiff's motion to remand.  (Dkt. No. 15 ["Pl.'s Mot."].)  For the following reasons, Plaintiff's motion is DENIED.[1]

## II. ANALYSIS

A civil action brought in a state court but over which a federal court may exercise original jurisdiction may be removed by the defendant to a federal district court.  28 U.S.C. § 1441(a).  CAFA provides federal jurisdiction over class actions in which the amount in controversy exceeds $5 million, there is minimal diversity between the parties, and the number of proposed class members is at least 100.  28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B).  "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court. . . [and] intended CAFA to be

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for May 18, 2015 at 1:30 p.m. is hereby vacated and off calendar.

interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). The Supreme Court recently held that "no antiremoval presumption attends cases invoking CAFA" because CAFA was enacted to facilitate federal courts' adjudication of certain class actions. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 550 (2014). Under CAFA, a defendant removing a case must file a notice of removal containing a "short and plain statement of the grounds for removal." *Id.* at 553. Additionally, the Court clarified that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," unless a defendant's assertion is contested by the plaintiff. *Id.* at 554. Where, as here, a defendant's asserted amount in controversy is contested, "[e]vidence establishing the amount is required." *Id.* "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 550. Ultimately, the defendant bears the burden of proving that the amount in controversy is met. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013).

Here, the Court finds, by a preponderance of the evidence, that the amount-in-controversy requirement has been satisfied. In the Notice of Removal, Aerotek contends that the amount in controversy exceeds $5 million based on Aerotek's damage calculations on four of Plaintiff's causes of action— (1) failure to pay meal period compensation, (2) failure to pay rest period compensation, (3) waiting time penalties, and (4) failure to furnish wage statements— and on the attorneys' fees Plaintiff could potentially recover in the action. To support its contentions, Aerotek submitted the declaration of Aerotek's Employee Relations Specialist, Horacio Ramirez. (Dkt. No. 4, Decl. of Horacio Ramirez ISO Def.'s Notice of Removal ["Ramirez Decl."].) Mr. Ramirez asserts that in the course of carrying out his job duties, he regularly accessed employment records for current and former employees. (*See* Ramirez Decl. ¶ 2.)

Because Plaintiff does not allege a definite class period, Aerotek uses the applicable statutes of limitations to ascertain the number of putative class members for each relevant claim. For the meal and rest period claims, Aerotek applies the four-year statute of limitations. From this, Aerotek approximates that, from April 8, 2010 to May 15, 2014, 741 individuals worked at its "Esterline" facility where Plaintiff was employed. (*See* Ramirez Decl. ¶ 8.) Next, for the purposes of the waiting time penalty claims, Aerotek applies the applicable three-year statute of limitations and approximates that 602 individuals separated from their employment since April 8, 2011. (*See* Ramirez Decl. ¶ 9.) Finally, with regard to the failure to furnish wage statements claim, Aerotek estimates that it has employed approximately 137 putative class members since April 8, 2013 for a total of 7,946 pay periods, based on the applicable one-year statute of limitations. (*See* Ramirez Decl. ¶ 10.)

First, for the meal and rest period claims, Plaintiff alleges "Defendants employed their workers for work periods of more than five hours without a meal period of not less than 30 minutes and failed to compensate them for such meal periods, as required by Code Section 226.7 and the Wage Order." (Compl. ¶ 53.) Based on these allegations, Aerotek uses an average hourly wage of $9.30 for the 741 putative class members. (*See* Ramirez Decl. ¶ 8.) Aerotek calculated that these 741 employees at the Esterline facility worked for approximately 29,560 full workweeks from April 8, 2010 to May 15, 2014. (Ramirez Decl. ¶ 8.) Since Plaintiff appears to be seeking 10 hours of premium pay per class member per workweek (consisting of 2 hours each for workday's meal and rest violation, multiplied by 5 workdays), Aerotek calculates the amount in controversy for the meal and rest period class claims as $2,749,080.00.

Next, Plaintiff alleges that "Defendants willfully failed to pay their workers accrued wages due promptly upon separation, as required by Code Sections 201 and 202" and that "Defendants are liable for statutory penalties pursuant to Labor Code Section

203." (Compl. ¶¶ 71–72.) Aerotek estimates that this claim on behalf of these members amounts to be $1,350,888.00. To calculate the waiting time penalties, Aerotek uses the average hourly wage of $9.35 paid to the 602 individuals that separated from Aerotek. (*See* Ramirez Decl. ¶ 9.) Aerotek reaches this number by first multiplying the average wage by 8 hours a day by 30 days. Aerotek assumes that each terminated class member worked an average 8-hour day and was entitled to 30 days of continuation of wages because these members are entitled to receive waiting time penalties for unpaid wages for up to a maximum of 30 days under the Code. Aerotek reached a penalty amount of $2,244.00 for each member and then multiplied that by the number of formerly employed putative class members to reach $1,350,888.00.

Plaintiff also asserts that Defendants failed to "provide their workers with . . . timely and accurate wage and hour statements" in violation of Labor Code section 226(a). (Compl. ¶ 64.) Under this claim, Aerotek calculates the statutory penalties to be $787,750.00 for the 137 putative class members employed since April 8, 2013. Aerotek reaches this amount by multiplying 137 total pay periods by $50.00 for the first pay period plus 7,809 pay periods multiplied by $100.00. *See* Cal. Lab. Code §§ 226(a), (e)(1). Plaintiff argues, however, that Aerotek's calculation exceeds the statutory maximum of $4,000.00 per class member and that the total penalty amount here cannot exceed $548,000.00. Regardless of whether the Court accepts Aerotek's or Plaintiff's estimate on this claim, the amount-in-controversy requirement will be met.

Finally, Plaintiff also seeks attorneys' fees on behalf of the class, and Aerotek assumes that Plaintiff would recover the benchmark rate of 25 percent of the potential damages in class actions. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007). Based on all of Aerotek's calculations explained above, Aerotek asserts that the amount in controversy before attorneys' fees is at least $4,887,718.00, resulting


in a 25 percent attorneys' fee of $1,221,929.50, and reaching a total amount in controversy of $6,109,647.50.

Plaintiff argues that Aerotek incorrectly assumes a 100 percent rate of violation because Plaintiff never alleged that "Aerotek engaged in a 'pattern and practice' of violating labor laws, that 'all' employees missed their meal and rest periods, that an employee missed 'all' of his or her meal and rest periods, or that Aerotek 'consistently' failed to provide its employees with meal and rest periods." (Dkt. No. 45, Pl.'s Reply at 5.) However, although afforded the opportunity to do so on this motion, Plaintiff does not assert or suggest an alternative violation rate on which the Court should rely. Aerotek properly used a chain of reasoning based on the Complaint to conclude that the amount-in-controversy requirement is met in this case. The Court is persuaded that Aerotek could have logically assumed a 100 percent violation rate because Plaintiff does not qualify her allegations to be on behalf of anything less than all the employees, so long as their claims are within the "applicable statute of limitations." (*See* Compl. ¶ 27.) Given the fact that Plaintiff is bringing this class action on behalf of ten various subclasses, Aerotek "is not required to comb through its records to identify and calculate the exact frequency of violations." *See Oda v. Gucci Am., Inc.*, No. 2:14-cv-7468-SVW, 2015 WL 93335, at *5 (C.D. Cal. Jan 7, 2015). Rather, Aerotek is "only required to prove the amount in controversy by a preponderance of the evidence," which it has done based on reasonable assumptions. *Id.*

Aerotek has also met its burden of showing minimal diversity between the parties under CAFA. (*See* Notice of Removal ¶¶ 13–16.) Minimal diversity is met when any member of a plaintiff class is of diverse citizenship from any defendant. 28 U.S.C. § 1332(d)(2)(C). Here, because Plaintiff is a resident of California while Aerotek is citizen of Maryland, minimal diversity exists.

Finally, the Court also finds that Aerotek has proven by a preponderance of the evidence that the putative class size contains at least 100 members. Although Plaintiff argues that Aerotek has not met its burden, her own Complaint alleges that "Plaintiff is informed and believe [*sic*] that Defendants employed at least 200 employees in California throughout the relevant time period." (Compl. ¶ 29.)

**III.  CONCLUSION**

In sum, Aerotek has met its burden of proof that CAFA jurisdiction exists. Accordingly, Plaintiff's motion to remand is DENIED.

DATED:     May 14, 2015

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE