**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| **MARIA LOPEZ, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**AEROTEK, INC., et al.,**<br><br>**Defendants.** | **Case No.: SACV 14-00803-CJC(JCGx)**<br><br>**ORDER GRANTING IN PART DEFENDANT AEROTEK'S MOTION TO DISMISS AND GRANTING DEFENDANT AVISTA'S MOTION TO DISMISS** |

**I.  INTRODUCTION & BACKGROUND**

Plaintiff Maria Lopez ("Plaintiff") brings this putative class action against Defendants Aerotek, Inc. ("Aerotek"), Avista Incorporated ("Avista"), (together with Aerotek, "Defendants"), and Paula Gutierrez.  Plaintiff alleges that she was an Aerotek employee from approximately September 2011 to November 2012.  (Dkt. No. 1 ["Notice

of Removal"]; Exh. A. ["Compl."] ¶ 9.)  According to the Complaint, Plaintiff was sent to work at the Esterline location where she worked as a hand builder.  (*Id*.)  On October 9, 2012, Plaintiff alleges that she injured her left wrist while creating moldings and reported her injury to her production manager.  (*Id.* ¶¶ 9–10.)  Plaintiff was sent to the company doctor who diagnosed her with ganglion in her left wrist and instructed that she be put on restricted duty.  (*Id.* ¶ 10.)  Thereafter, Plaintiff began working as a hand trimmer; however, Plaintiff alleges that this caused her more pain in her left wrist.  (*Id.* ¶ 11.)  After Plaintiff complained about her pain to her supervisor, Ms. Gutierrez, Ms. Gutierrez purportedly began to harass Plaintiff because of her disability by giving her dirty looks, making rude gestures, and speaking disrespectfully to her.  (*Id.* ¶ 12.)  Ms. Gutierrez sent Plaintiff to again see the company doctor on October 22, 2012, and the doctor again advised Plaintiff to be on restricted duty.  (*Id.*)  Plaintiff alleges she was still "forced to go back to work despite the continued pain."  (*Id.*)  Plaintiff was later examined by her own doctor who instructed that she remain off work until December 28, 2012.  (*Id.* ¶ 14.)  When Plaintiff attempted to submit her doctor's note to an Aerotek representative, her note was rejected.  (*Id.* ¶ 15.)  Plaintiff subsequently submitted her doctor's note to the human resources department at Esterline.  (*Id.* ¶ 16.)  In November 2012, Aerotek terminated Plaintiff from employment.  (*Id.*)

Based on these facts, Plaintiff alleges a total of 22 causes of action, 10 of which are on behalf of the putative class, 10 are individual claims, and 2 are common claims.  All 22 causes of action are against Aerotek and Avista, and 2 are asserted against Ms. Gutierrez.  For her class claims, Plaintiff seeks to represent various groups of individuals comprised of Defendants' current or former employees in California whose claims fall "within the applicable statute of limitations."  (Compl. ¶ 27.)  These class claims are pled under California law and are brought in Plaintiff's first through tenth causes of action, which are: (1) failure to pay earned wages; (2) failure to pay minimum wage, including overtime compensation at the minimum rate; (3) failure to pay overtime compensation;

(4) failure to pay meal period compensation; (5) failure to pay rest period compensation; (6) failure to furnish wage and hour statements; (7) waiting time penalties; (8) conversion; (9) discrimination on the basis of gender; and (10) violation of the California Equal Pay Act.  (Compl. ¶¶ 35–86.)  Plaintiff brings her individual claims in her eleventh through twentieth causes of actions, which are: (11) harassment on the basis of a disability in violation of the Fair Employment and Housing Act ("FEHA"); (12) discrimination on the basis of a disability in violation of the FEHA; (13) failure to prevent discrimination in violation of the FEHA; (14) failure to provide reasonable accommodations in violation of the FEHA; (15) failure to engage in the interactive process in violation of the FEHA; (16) retaliation in violation of the FEHA; (17) interference with leave; (18) retaliation in violation of the California Family Rights Act ("CFRA"); (19) wrongful termination in violation of public policy; and (20) intentional infliction of emotional distress ("IIED").  (Compl. ¶¶ 87–143.)  Finally, Plaintiff alleges common claims in her twenty-first and twenty-second causes of action, which are: (21) violations of California's Unfair Competition Law ("UCL") and (22) violation of the Private Attorneys General Act ("PAGA").  (Compl. ¶¶ 144–57.)  Before the Court is Aerotek's motion to dismiss, (Dkt. No. 21 ["Aerotek's Mot."]), and Avista's motion to dismiss, (Dkt. No. 19 ["Avista's Mot."]).[1]  For the following reasons, Aerotek's motion to dismiss is GRANTED IN PART and Avista's motion to dismiss is GRANTED.[2]

//

//

---

[1]  Ms. Gutierrez had also filed a motion to dismiss Plaintiff's twenty-second cause of action against her. (Dkt. No. 20.)  In June 2015, however, the parties stipulated to dismiss Ms. Gutierrez from the action. (Dkt. No. 53.)  Accordingly, Ms. Gutierrez's motion to dismiss is DENIED AS MOOT.

[2]  Having read and considered the papers presented by the parties, the Court finds these matters appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearings set for July 27, 2015 at 1:30 p.m. are hereby vacated and off calendar.

## II.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (citations and quotes omitted)).  Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.

## III.  ANALYSIS

### A.  Aerotek's Motion to Dismiss

Aerotek moves to dismiss the first through eighth and the eleventh through twenty-second causes of action.[3]

---

[3]  The parties have stipulated to dismiss Plaintiff's ninth and tenth causes of action against Defendants. (Dkt. No. 55.)

### i.  First Cause of Action

Plaintiff's first cause of action alleges that Defendants failed to pay earned wages under California Labor Code sections 204 and 210.  Courts have previously held that nothing in section 204 or 210 clearly indicates that a private right of action exists.  *See, e.g.*, *Johnson v. Hewlett-Packard Co.*, 809 F. Supp. 2d 1114, 1136 (N.D. Cal. 2011) ("There is nothing in section 204 or 210 that indicates, in 'clear understandable, unmistakable terms' that a private right of action exists for violations of section 204."); *see also Villalpando v. Exel Direct Inc.*, No. 12-cv-04137 JCS, 2014 WL 1338297, at *18 (N.D. Cal. Mar. 28, 2014) (finding that no private right of action exists under section 204); *Jeske v. Maxim Healthcare Servs., Inc.*, No. CV F 11-1838 LJO JLT, 2012 WL 78242 (E.D. Cal. Jan. 10, 2012) (same).  Plaintiff does not contest this, and in fact, agrees to dismiss this claim.  (Dkt. No. 51, Pl.'s Opp'n to Aerotek's Mot. at 15.)  Accordingly, the first cause of action is DISMISSED WITHOUT LEAVE TO AMEND.

### ii.  Second, Third, Fourth, Fifth, and Seventh Causes of Action

Aerotek moves to dismiss Plaintiff's second, third, fourth, fifth, and seventh causes of action on the grounds that the Complaint merely recites the applicable Labor Code provisions and, in a conclusory manner, states that Defendants violated the law without any factual allegations to support the claims.  The Court agrees.  On a motion to dismiss courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation omitted).  Under her second and third causes of action for failure to pay minimum wage and overtime compensation, Plaintiff makes general allegations such as "Defendants employed their workers for more than eight hours per day and more than 40 hours per workweek, but Defendants failed to pay them minimum wage for their work."  (Compl. ¶ 42; *see also* Compl. ¶ 48.)  These conclusory and unsubstantiated assertions are not supported by any factual allegations in

the Complaint.  Similarly, Plaintiff's fourth and fifth causes of action alleging that Defendants failed to provide her with the required meal and rest periods simply recite the language of the relevant Labor Code sections.  (*See* Comp. ¶¶ 51–56, 59.)  The Complaint does not allege how Defendants failed to provide meal or rest breaks and is devoid of any facts to support these causes of actions.  Although the Court must take all of Plaintiff's allegations in the Complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678.  Finally, Plaintiff also fails to plead sufficient facts to support her seventh cause of action for waiting time penalties under Labor Code section 203.  (*See* Compl. ¶¶ 70–72.)  Plaintiff merely asserts that "Defendants willfully failed to pay their workers accrued wages due promptly upon separation, as required by Code sections 201 and 202." (Compl. ¶ 71.)  For example, Plaintiff does not even generally allege what wages were earned and paid at the time of termination, nor does she allege how and in what manner any final wage payment was untimely under the Labor Code.  Therefore, Plaintiff's second, third, fourth, fifth, and seventh causes of action are DISMISSED WITH LEAVE TO AMEND.

### iii.  Sixth Cause of Action

Aerotek moves to dismiss Plaintiff's sixth cause of action under Labor Code section 226 on the grounds that it does not satisfy the pleading requirements and that the claim is time-barred.  Similar to the claims discussed above, Plaintiff again fails to allege facts to support her claim.  She claims that "Defendants knowingly and intentionally failed to provide workers with . . . timely and accurate wage and hour statements." (Compl. ¶ 64.)  However, Plaintiff fails to allege how Defendants' wage statements failed to comply with section 226.  Section 226 requires employers to provide employees with accurate itemized wage statements, in writing, that include information such as "gross wages earned," "total hours worked by the employee," "all deductions," "net wages

earned," "the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number," "the name and address of the legal entity that is the employer," and "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Cal. Labor Code § 226(a).  Plaintiff simply recites boilerplate language and does not allege any supporting facts that Defendants' wage statements were inaccurate.  Thus, Plaintiff's seventh cause of action is DISMISSED WITH LEAVE TO AMEND.[4]

### iv.  Eighth Cause of Action

Aerotek moves to dismiss Plaintiff's eighth cause of action for conversion, which alleges that Defendants failed to pay workers "earned wages, overtime compensation at the minimum wage for overtime hours worked, overtime compensation, missed meal period compensation, and missed rest period compensation," and that these wages were converted by Defendants.  (Compl. ¶ 75.)  Court have consistently held that employees cannot bring a claim for conversion based on a defendant's failure to pay wages under the Labor Code because the Labor Code provides an extensive and exclusive remedial scheme to address such disputes.  *See, e.g.*, *Santiago v. Amdocs, Inc.*, No. C 10-4317 SI, 2011 WL 1303395, at *3–4 (N.D. Cal. Apr. 2, 2011) (dismissing the plaintiff's conversion claim in light of cases consistently holding that a plaintiff cannot bring a conversion claim based on solely on statutory wage and hour violations); *Mardrigal v.*

---

[4]  Although Plaintiff has not plead sufficient facts to support her claim, it is clear from the face of the Complaint that Plaintiff is seeking actual damages, rather than statutory penalties.  (*See* Compl. ¶ 68.)  On this basis, Plaintiff argues that a three-year statute of limitations applies and cites to *Singer v. Becton Dickinson and Co.*, No. 08cv821 IEG(BLM), 2008 WL 2899825 (S.D. Cal. July 25, 2008.).  When amending this claim, Plaintiff should clarify whether her actual damages were in the form of lost wages, as they were in *Singer*.  Furthermore, the Court denies Plaintiff's request for additional time to find a class representative so the class can also recover penalties under section 226, which is subject to a one-year statute of limitations.

*Tommy Bahama Grp.*, No. CV 09-08924 (MANx), 2010 WL 4384235, at *6–7 (C.D. Cal. Oct. 18, 2010) (same).  Contrary to Plaintiff's assertion, her claim for conversion here is solely based Defendants' failure to page wages under the Labor Code, therefore precluding a claim for conversion.  (*See* Compl. ¶ 74 ("Defendants had and continue to have a legal obligation imposed by statute to pay their workers all earned wages due.").)  On the face of the Complaint, the Court finds no other alleged conduct by Defendants on which Plaintiff could base her claim of conversion.  Accordingly, Plaintiff's eighth cause of action for conversion is DISMISSED WITHOUT LEAVE TO AMEND.

### v.  Eleventh Cause of Action

Plaintiff's eleventh cause of action is for harassment on the basis of a disability in violation of the FEHA, California Government Code section 12940(j)(1).  To sufficiently plead a claim for harassment, a plaintiff must establish that the alleged harassment was so severe that it created a hostile work environment.  *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013).  The plaintiff must further show a "concerted pattern of harassment of a repeated, routine or a generalized nature."  *Id.* (citation omitted).  Here, the allegations that support Plaintiff's harassment claim are that after she complained to Ms. Gutierrez about the pain in her hand, Ms. Gutierrez allegedly responded "by, among other things, giving her dirty looks, making rude gestures, and speaking disrespectfully to her."  (Compl. ¶ 12.)  Plaintiff also alleged that Ms. Gutierrez "reluctantly" sent Plaintiff to see the company doctor and that Plaintiff was "forced to go back to work despite continued pain."  (*Id.*)  These allegations, without more, do not plausibly suggest a claim for harassment.  Isolated instances of dirty looks and rude gestures are not sufficiently severe to rise the level of harassment.  *See Laverry-Petrash v. Sierra Nev. Mem'l Hosp.*, No. 2:11-cv-1520-GEB-DAD, 2011 WL 6302933, at *4 (E.D. Cal. Dec. 13, 2011) (dismissing harassment claim because the plaintiff's allegations were not "sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an

abusive work environment."); *Lyle v. Warner Bros. Television Prods.,* 38 Cal. 4th 264, 283 (2006) ("With respect to the pervasiveness of harassment, courts have held an employee generally cannot recover for harassment that is occasional, isolated, sporadic, or trivial . . . ."). Therefore, Plaintiff's eleventh cause of action for harassment is DISMISSED WITH LEAVE TO AMEND.

### vi.  Twelfth Cause of Action

Plaintiff's twelfth cause of action is for disability discrimination under the FEHA, California Government Code section 12940(a). "A prima facie case for discrimination on grounds of physical disability under the FEHA requires plaintiff to show: (1) he suffers from a disability; (2) he is otherwise qualified to do his job; and, (3) he was subjected to adverse employment action because of his disability." *Arteaga v. Brink's, Inc.,* 163 Cal. App. 4th 327, 344–45 (2008). Here, Plaintiff has alleged sufficient facts to survive a motion to dismiss. Plaintiff alleges that she injured her left wrist on October 9, 2012 and that this injury prevented her from working. (Compl. ¶ 9, 10, 14.) Plaintiff also alleges that she reported her injury and requested leave but was terminated on November 1, 2012. These allegations support all three elements required to plead a prima facie case for discrimination. Therefore, Aerotek's motion to dismiss Plaintiff's twelfth cause of action is DENIED.

### vii.  Thirteenth Cause of Action

Plaintiff's thirteenth cause of action is for failure to prevent discrimination in violation of the FEHA, California Government Code section 12940(k). Under California Government Code section 12940(k), it is an unlawful employment practice "for an employer . . . to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring" in the workplace. Cal. Gov't Code § 12940(k). A plaintiff

seeking to recover damages based on a claim of failure to prevent discrimination or harassment "must show three essential elements: (1) plaintiff was subjected to discrimination, harassment or retaliation; (2) defendant failed to take all reasonable steps to prevent discrimination, harassment or retaliation; and (3) this failure caused plaintiff to suffer injury, damage, loss or harm." *Leleand v. City & Cnty. of San Francisco*, 576 F. Supp. 2d 1079, 1103 (N.D. Cal. 2008) (quoting California Civil Jury Instructions (BAJI) 12.11). Plaintiff has alleged sufficient facts to meet all of these elements. Taking all allegations in the Complaint as true, Plaintiff was discriminated against and terminated on the basis of her disability, and no steps were taken by Defendants to prevent the discrimination, which caused Plaintiff emotional and financial harm. (Comp. ¶¶ 16, 101–103.) Accordingly, Aerotek's motion to dismiss Plaintiff's thirteenth cause of action is DENIED.

### viii.  Fourteenth and Fifteenth Causes of Action

Plaintiff's fourteenth and fifteenth causes of action allege that Defendants failed to provide reasonable accommodations under California Government Code section 12940(m) and failed to engage in the interactive process in violation of section 12940(n). Under section 12940(m), "[i]t is an unlawful employment practice . . . [f]or an employer . . . to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee. . . ." Cal. Gov't Code § 12940(m). Section 12940(n) states, "It is an unlawful employment practice . . . [f]or an employer or other entity covered by this part to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition." Cal. Gov't Code § 12940(n). Here, the Complaint again sufficiently pleads that Plaintiff suffered from an injury and that Defendants failed to accommodate her by placing her on

restricted duty, as recommended by the company doctor, and failed to engage in the interactive process.  (Comp. ¶¶ 9–14.)  The Complaint alleges that she was placed to work as a hand trimmer, which required extensive use of her hands and wrists.  (Compl. ¶ 14.)  Further, the Complaint alleges when Plaintiff attempted to ask for a short leave, an Aerotek representative, Frank Garcia, did not accept her doctor's note, and Plaintiff was later terminated.  These allegations are sufficient to state a claim against Aerotek for failure to provide reasonable accommodations and for failure to engage in the interactive process.  Accordingly, Aerotek's motion to dismiss Plaintiff's fourteenth and fifteenth causes of action is DENIED.

### ix.  Sixteenth Cause of Action

Plaintiff's sixteenth cause of action alleges that Defendants retaliated against her for requesting reasonable accommodations in violation of FEHA, California Government section 12940(h).  In order to establish a prima facie case of retaliation under the FEHA, a plaintiff must show (1) he or she engaged in a "protected activity," (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action.  *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005).  However, requests for reasonable accommodations are not protected activity under the FEHA.  *Rope v. Auto-Chlor Sys. of Wash., Inc.*, 220 Cal. App. 4th 635, 652–53 (2013) ("[W]e find no support in the regulations or case law for the proposition that a mere request—or even repeated requests—for an accommodation, without more, constitutes a protected activity sufficient to support a claim for retaliation in violation of FEHA.").  Therefore, Plaintiff's claim here fails to the extent it is based solely on her request for a reasonable accommodation.  Contrary to Plaintiff's assertion, she alleges no further facts to show that she opposed or protested against any of Defendants' conduct.  *See id.* ("FEHA's implementing regulations are uniformly premised on the principle that the nature of activities protected by subdivision (h)

demonstrate some degree of opposition to or protest of the employer's conduct or practices based on the employee's reasonable belief that the employer's action or practice is unlawful.").  Therefore, Plaintiff's sixteenth cause of action is DISMISSED WITH LEAVE TO AMEND.

### x.  Seventeenth and Eighteenth Causes of Action

Plaintiff's seventeenth and eighteenth causes of action allege that Defendants interfered with Plaintiff's leave of absence and retaliated against Plaintiff for requesting a leave under the CFRA, Government Code section 12945.2.  Under the CFRA, an employee is entitled to up to 12 weeks of unpaid leave from work in the event of a serious illness or injury to the employee.  Cal. Gov't Code § 12945.2.  Here, Plaintiff has clearly alleged she suffered from a disability that prevented her from performing her ordinary work duties, (Compl. ¶¶ 10, 12, 14), and that after she requested to take leave until December 28, 2012, as recommended by her doctor, Defendants terminated Plaintiff from employment, (Compl. ¶¶ 14–16).  These factual allegations are sufficient to survive a motion to dismiss; therefore, Aerotek's motion to dismiss Plaintiff's seventeenth and eighteenth causes of actions is DENIED.

### xi.  Nineteenth Cause of Action

Plaintiff's nineteenth cause of action for wrongful termination in violation of public policy is predicated on her FEHA claims plead in her twelfth through sixteenth causes of action.  Because these underlying claims survive, so does Plaintiff's claim for wrongful termination.  Therefore, Aerotek's motion to dismiss Plaintiff's nineteenth cause of action is DENIED.

//

### xii.  Twentieth Cause of Action

Plaintiff's twentieth cause of action is for IIED.  "Under California law, to make out a cause of action for intentional infliction of emotional distress, a plaintiff must show, in relevant part, that the defendant engaged in extreme and outrageous conduct that exceeded the bounds of what is generally tolerated in a civilized society."  *Braunling v. Countrywide Home Loans, Inc.,* 220 F.3d 1154, 1158 (9th Cir. 2000) (citation omitted).  In the employment context, "[t]erminating an employee for improper or discriminatory reasons . . . is insufficiently extreme or outrageous to give rise to a claim for intentional infliction of emotional distress."  *Janken v. GM Hughes Elec.*, 46 Cal. App. 4th 55, 80 (1996).  Here, Plaintiff asserts that Defendants' conduct was "unreasonable and unjustified, and constituted outrageous behavior."  (Compl. ¶ 139.)  However, Plaintiff's allegations of harassment, discrimination, and improper termination do not allege a plausible IIED claim.  *See Janken*, 46 Cal. App. 4th at 80; *see also Metoyer v. Chassman*, 248 Fed. Appx. 832, 835 (9th Cir. 2007) ("[A]llegations that she was improperly terminated [for discriminatory and retaliatory reasons] simply do not make out a claim of intentional infliction of emotional distress.").  Therefore, Plaintiff's IIED claim is DISMISSED WITH LEAVE TO AMEND.

### xiii.  Twenty-First Cause of Action

Plaintiff brings a claim under the UCL, alleging that "Defendants' violations of the Labor Code and the Wage Order constitute unfair business practices in violation of the UCL."  (Compl. ¶ 145.)  The UCL creates a cause of action for "any unlawful, unfair or fraudulent business act."  Cal. Bus. & Prof. Code § 17200.  Aerotek moves to dismiss Plaintiff's UCL claim on the basis that it is predicated on her wage and hour claims.  The Court has dismissed all of Plaintiff's wage and hour claims either with or without leave to amend.  If Plaintiff can sufficiently amend her claims for which she has been

given leave to amend, then she may also bring an amended UCL claim predicated on those amended claims.  Therefore, Plaintiff's UCL claim is DISMISSED WITH LEAVE TO AMEND.

### xiv.  Twenty-Second Cause of Action

Finally, under her twenty-second cause of action, Plaintiff brings suit for PAGA penalties.  PAGA claims, however, are subject to a one-year statute of limitations.  Cal. Civ. Proc. Code § 340(a).  This statute of limitations may be tolled for up to 33 days to account for the period between when the California Labor and Workforce Development Agency receives a PAGA complaint letter and when it provides notice to the aggrieved employee as to whether it grants permission for the aggrieved employee to initiate a civil action.  Cal. Lab. Code §§ 2699.3(a)(2), (d).   In other words, a plaintiff must file her lawsuit within one year of the last Labor Code violation to which the plaintiff was subject or, at most, 33 days after that date under the tolling provision.  Here, Plaintiff should have filed her PAGA action no later than one year and 33 days after the alleged violations occurred.  Given that Plaintiff was terminated on November 1, 2012, the last date the Complaint alleges a violation occurred, Plaintiff had until December 4, 2013 to file her complaint for alleged PAGA violations.  However, Plaintiff filed the Complaint on April 9, 2014, Plaintiff's PAGA claim is therefore barred and the Plaintiff does not contest this. The Court denies Plaintiff's request for additional time to locate a substitute representative.  Accordingly, Plaintiff's PAGA claim is time-barred and DISMISSED WITHOUT LEAVE TO AMEND.[5]

//

---

[5]  To the extent Aerotek is seeking to dismiss Plaintiff's class allegations because the purported classes are not ascertainable, the Court finds that such challenges are more appropriately resolved at the class certification stage after Plaintiff has conducted some discovery to more clearly identify the putative class members.

**B. Avista's Motion to Dismiss**

Also before the Court is Avista's motion to dismiss the first through eighth, twenty-first and twenty-second causes of action. Avista had previously joined Aerotek's motion to dismiss the first claim on the ground that there is no private right of action under sections 204 or 210. (Dkt. No. 26.) The Court agrees, as explained in Section III.A.i above. Therefore, Plaintiff's first cause of action against Avista is DISMISSED WITHOUT LEAVE TO AMEND. Avista also joined Aerotek's motion to dismiss Plaintiff's PAGA claim on the ground it is time-barred. For reasons stated in Section III.A.xiv, Plaintiff's PAGA claim against Avista is also is DISMISSED WITHOUT LEAVE TO AMEND. Additionally, although Avista did not join Aerotek to dismiss Plaintiff's eighth cause of action for conversion on the grounds the Court relied on in Section III.A.iv, as the Court found, this claim fails as a matter of law. Therefore, Plaintiff's eighth cause of action for conversion against Avista is also DISMISSED WITHOUT LEAVE TO AMEND.

As for the remainder of the causes of actions Avista moves to dismiss—Plaintiff's second, third, fourth, fifth, sixth, seventh, and twenty-first causes of action—they are DISMISSED WITH LEAVE TO AMEND for the reasons discussed in Sections III.A.ii, III.A.iii, and III.A.xiii. Additionally, Avista argues additional grounds for dismissal in its motion. (*See* Avista's Mot.) From the face of the Complaint, it is unclear how Avista was Plaintiff's employer, how Avista controlled Plaintiff's wages, and what the scope of Avista's alleged violations is. The Complaint is devoid of any factual allegations to support Plaintiff's claim against Avista and, for this reason, Plaintiff is advised to clearly delineate her relationship to Avista and/or Avista's relationship to Aerotek.

//

//

**IV.  CONCLUSION**

Accordingly, Plaintiff's first, eighth, and twenty-second causes of actions are DISMISSED WITHOUT LEAVE TO AMEND.  Plaintiff's second, third, fourth, fifth, sixth, seventh, and twenty-first causes of actions against Aerotek and Avista are DISMISSED WITH LEAVE TO AMEND.  Plaintiff's eleventh, sixteenth, and twentieth causes of action against Aerotek are DISMISSED WITH LEAVE TO AMEND.  Plaintiff shall file a second amended complaint consistent with this Order within twenty-one (21) days of the date hereof.

DATED:     July 23, 2015

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE