UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MARIA LOPEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AEROTEK, INC., *et al.*,<br><br>Defendants. | Case No.: SACV 14-00803-CJC (JCGx)<br><br><br>ORDER DENYING PLAINTIFFS' MOTION FOR REMAND, FOR STAY, AND REQUEST FOR ATTORNEYS' FEES AND COSTS |

## I. INTRODUCTION

Plaintiffs Maria Lopez and Angelo Vizcaino bring this putative class action against Defendants Aerotek, Inc., Kirkhill-TA Co., and Does 1 through 100, inclusive, for Failure to Pay State Minimum Wage (Cal. Lab. Code §§ 510, 1194, 1194.2, 1197; IWC Minimum Wage Order No. MW-2014), Failure to Pay Overtime Compensation (Cal. Lab. Code §§ 510, 1194; IWC Wage Order 4-2001); Failure to Pay Meal Period Compensation (Cal. Lab. Code § 226.7, 512; IWC Wage Order 4-2001); Failure to Pay Rest Period Compensation (Cal. Lab. Code § 226.7; IWC Wage Order 4-2001); Failure to

Furnish Timely and Accurate Wage Statements (Cal. Lab. Code § 226; IWC Wage Order 4-2001); and for Waiting Time Penalties (Cal. Lab. Code §§ 201, 202, 203). (Dkt. 90 [Third Amended Complaint, hereinafter "TAC"].) Before the Court is Plaintiffs' motion to remand or, in the alternative, for a stay, and request for attorneys' fees and costs. (Dkt. 101 [Motion, hereinafter "Mot."].) For the following reasons, the motion is DENIED in its entirety.[1]

## II.  BACKGROUND

This case was originally filed in Orange County Superior Court on April 9, 2014, and was removed to this Court on May 22, 2014, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453. (Dkt. 1.) The Complaint originally named only Lopez as a class representative, and Aerotek, Inc., and AVISTA Incorporated were named as defendants under the theory that they were Lopez's joint employers. (*See generally id.*) On June 23, 2014, Lopez moved to remand the case, (Dkt. 15), which the Court denied on May 14, 2015,[2] because Defendants demonstrated by a preponderance of the evidence that the requirements for removal under CAFA had been met, (Dkt. 47). In particular, the Court found that minimal diversity had been satisfied because Lopez was a resident of California and Aerotek was a resident of Maryland. (*Id.* at 6.)

Angelo Vizcaino was added as a second class representative in the First Amended Complaint on August 14, 2015. (Dkt. 62.) Vizcaino also filed a separate action in state court against Aerotek and AVISTA under the Private Attorneys General Act ("PAGA") on December 22, 2015 (the "Vizcaino action"). (Dkt. 103 [Declaration of Rocio Herrera,

---

[1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for January 23, 2017, at 1:30 p.m. is hereby vacated and off calendar.

[2]  The Court ruled on the motion almost a year later due to the parties' numerous joint stipulations to continue the hearing. (*See* Dkts. 18, 25, 29, 30, 31, 32, 33, 34, 35, 36.)

hereinafter "Herrera Decl."] Ex. D.) The Vizcaino action was stayed in state court on September 16, 2016, pending the resolution of Lopez's case before this Court. (*Id.* Ex. E.)

Nearly two years after the original Complaint was filed, Plaintiffs learned that AVISTA had been erroneously sued and that Kirkhill-TA Co. ("Kirkhill") was the proper co-defendant alongside Aerotek. (*See* Dkt. 86.) AVISTA and Kirkhill are two separate corporations, but both are subsidiaries of Esterline, Inc. (Herrera Decl. ¶ 2.) Plaintiffs claim their attorneys discovered the error as a result of a telephone call with opposing counsel on January 28, 2016, at which point opposing counsel did not reveal the identity of Lopez's actual employer and instead told Plaintiffs' counsel to "feel free to serve discovery on any issue [he saw] fit." (*Id.* at 7.) Defendants contend that there were a number of documents produced in the case prior to that date "which put Plaintiffs on notice that AVISTA was not a proper Defendant, such as AVISTA's initial disclosures served on October 26, 2015, and documents produced by Lopez identifying her work at the Kirkhill facility. (Dkt. 102 [Opposition, hereinafter "Opp."] at 3.) The parties jointly stipulated to dismiss AVISTA with prejudice on July 5, 2016, (Dkt. 86), and Plaintiffs filed a Third Amended Complaint naming Aerotek and Kirkhill as Defendants on July 8, 2016, (*see* TAC).

A few months after this lawsuit was originally filed, on September 11, 2014, a former Kirkhill employee, Mauro Ramirez, sued Kirkhill (but not Aerotek or AVISTA) in Los Angeles County Superior Court for employment violations (the "Ramirez action"), and that action settled on April 21, 2015. (Dkt. 104 [Request for Judicial Notice, hereinafter "RJN"] Ex 1 at 8.)[3] The Los Angeles County Superior Court granted final

---

[3] Defendants' request for Judicial Notice of the Complaint and final settlement in *Ramirez v. Kirkhill-TA Co.*, Case No. BC557207, (RJN Ex. 1 at 8; *id.* Ex. 2), is GRANTED. These state court proceedings are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201.

approval of the settlement on May 10, 2016. (*Id.* Ex. 2.) Plaintiffs sought to vacate the settlement in the Ramirez action on the bases that Kirkhill failed to disclose the Ramirez action to them or notify them of the settlement, and that Kirkhill fraudulently concealed that it was Plaintiffs' true employer. (Mot. at 9; Opp. at 5.) Plaintiffs' request was denied for lack of standing. (Dkt. 101-1 [Declaration of Joseph Tojarieh, hereinafter "Tojarieh Decl."] Ex. H.) Plaintiffs now seek to vacate the Ramirez judgment by adding a cause of action to the Vizcaino action, but are currently unable to do so because the Vizcaino action has been stayed. (Mot. at 9–10.)

Plaintiffs ask this Court to remand the case for a second time after almost three years of litigation on the grounds that Defendants removed this action in bad faith, and that CAFA jurisdiction no longer exists since Kirkhill has replaced AVISTA as a defendant. (Mot. at 10–14.) In the alternative, they ask the court to stay this action so that the stay in the Vizcaino action is lifted, allowing them to move to vacate the Ramirez settlement. (*Id.* at 14–19.) Finally, Plaintiffs seek attorneys' fees and costs for filing this motion as a result of Defendants' allegedly "bad faith" removal. (*Id.* at 19–20.)

## III. DISCUSSION

### A. Motion to Remand and Attorneys' Fees and Costs

Plaintiffs argue that with the substitution of Kirkhill for AVISTA as the proper co-defendant alongside Aerotek, the "local controversy exception" and "home-state controversy exception" of CAFA apply, requiring remand. (*Id.* at 10–12 (citing 28 U.S.C. §§ 1332(d)(4)(A),(B)).) Plaintiffs are relying on the third amendment to their original Complaint in bringing this motion one and a half years after this Court denied their first motion the remand. (Dkt. 47.) As Plaintiffs concede, "post-removal amendments to the pleadings cannot affect whether a case is removable, because the

propriety of removal is determined solely on the basis of the pleadings filed in state court." (*Id.* at 12 (quoting *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006); *see also Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998), *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562 (2016) ("[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments.").) However, Plaintiffs insist that *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1117 (9th Cir. 2015), creates an exception in the Ninth Circuit allowing consideration of post-removal amended complaints when ruling on motions to remand CAFA actions. (Mot. at 12.)

Plaintiffs reading of *Benko* is far too broad. *Benko* held that "plaintiffs should be permitted to amend a complaint after removal to *clarify* issues pertaining to federal jurisdiction under CAFA." *Benko*, 789 F.3d at 1117 (emphasis added). This is because "there is a possibility that a class action may be removed to federal court, with a complaint originally drafted for state court. The state court complaint, in turn, *may not address CAFA-specific issues*, such as the local controversy exception. By amending their complaint *in these circumstances*, plaintiffs can provide a federal court with the information required to determine whether a suit is within the court's jurisdiction under CAFA." *Id.* at 1117 (emphasis added). In *Benko*, the plaintiffs did not change a central fact or allegation in their complaint—instead, they amended it "to *elaborate* on estimates of the percentage of total claims asserted against Meridian, an in-state Defendant, and the dollar value of those claims," which were "directly related to CAFA's local controversy exception." *Id.* (emphasis added). *Benko* did not contemplate scenarios that would allow a plaintiff to circumvent a Court's ruling that a defendant had satisfied its burden under CAFA—the Ninth Circuit specifically noted that the plaintiffs in that case "did not amend the FAC to eliminate a federal question so as to avoid federal jurisdiction." *Id.*

Here, by contrast, Plaintiffs' amendment *changed* a defendant which (according to them) means that the CAFA exceptions *now* apply.[4] Accordingly, the Court cannot consider the TAC for the purposes of re-evaluating whether jurisdiction is proper in light of CAFA's "local controversy" and "home-state controversy" exceptions.

Plaintiffs also argue that the case should be remanded because Defendants "hid behind a sham defendant"—AVISTA. (Mot. at 14.) The Court is baffled by this argument because a sham defendant is one that a *plaintiff* fraudulently names for the purpose of destroying diversity jurisdiction. *Caswell v. Olympic Pipeline Co.*, 484 F. App'x 151, 153 (9th Cir. 2012). Here, Plaintiffs named AVISTA as a defendant at their own choosing and now claim that Defendants removed in bad faith by relying on AVISTA's citizenship for diversity jurisdiction purposes. Plaintiffs' argument that "sham defendant" is a term of art that refers to "any defendant against whom no possible

---

[4] Plaintiffs' reference to district court cases permitting consideration of post-removal amendments are unhelpful. (*See* Mot. at 12–13.) Plaintiffs' reliance on *Schuster v. Gardner*, 319 F. Supp. 2d 1159, 1164 (S.D. Cal. 2003) is misplaced because it is not a CAFA case. The other cases Plaintiffs cite contemplated simple *clarifications* to the proposed class. See *Weight v. Active Network, Inc.*, 29 F. Supp. 3d 1289 (S.D. Cal. 2014) (permitting consideration of post-removal amendment to a complaint that merely changed the class definition from "California residents" to "citizens of California"); *Smilow v. Anthem Blue Cross Life & Health Ins. Co.*, No. CV 15-4556-MWF(AGRX), 2015 WL 4778824, at *1 (C.D. Cal. Aug. 13, 2015) (same); *Wickens v. Blue Cross of California, Inc.*, No. 15CV834-GPC JMA, 2015 WL 4255129, at *5 (S.D. Cal. July 14, 2015) ("The Court reiterates its conclusion that the change from "residents" to "citizens" of California in the class description is a clarification of the Court's jurisdiction and can be the basis to amend the complaint especially in this case where the Complaint alleges claims against California based Defendants, alleges only California law causes of action, and the class was intended to be limited to individuals who entered into contracts with California corporations for future services in California."); *In re Anthem, Inc.*, 129 F. Supp. 3d 887, 894 (N.D. Cal. 2015) ("Here, Plaintiffs amended their state court petition to "clarify" that they are not only residents of Missouri, but citizens *as well*." (emphasis added)); *Turner v. Corinthian Int'l Parking Servs., Inc.*, No. C 15-03495 SBA, 2015 WL 7768841, at *3 (N.D. Cal. Dec. 3, 2015) ("[T]he pleadings do not expressly allege that non-California citizens are excluded from the class definition. Therefore, based on the record presented, the Court cannot remand the action for the lack of diversity. Nonetheless, as the above-cited authorities make clear, Plaintiff should be afforded the opportunity to amend the pleadings to clarify the putative class definition."). Plaintiffs' reliance on *Bridewell-Sledge v. Blue Cross of California*, No. CV 14-04744 MMM CWX, 2015 WL 179779 (C.D. Cal. Jan. 14, 2015), *aff'd*, 798 F.3d 923 (9th Cir. 2015), in their Reply, (*see* Dkt. 108 [Reply] at 5), is also unavailing, because there the plaintiffs did not base their motion to remand on a post-removal amendment of the complaint. *See Bridewell-Sledge*, 2015 WL 179779 at *1.

cause of action has been stated" is inconsequential here, (Dkt. 108 [hereinafter "Reply"] at 8), because Defendants did not control Plaintiffs' choice to sue AVISTA in the original Complaint. As explained in additional detail below, Plaintiffs have not adequately demonstrated bad faith on the part of Defendants. The motion for remand is DENIED.

Plaintiffs also seek attorneys' fees and costs for bringing the present motion to remand pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (Mot. at 19.) Since the Court has denied the motion to remand the case, it also DENIES Plaintiffs' request for attorneys' fees and costs.

### B. Motion to Stay Proceedings

"The power to stay proceedings is soundly within the Court's discretion and is incidental to the 'power inherent in every court to manage the schedule of cases on its docket to ensure fair and efficient adjudication.'" *Ferguson v. Corinthian Colleges*, No. SACV 11-0127 DOC, 2012 WL 27622, at *2 (C.D. Cal. Jan. 5, 2012) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936)). "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

Plaintiffs seek a stay of this action so that they may then lift the stay in the Vizcaino action and move to vacate the Ramirez judgment through the Vizcaino

proceedings. (Mot. at 14–15.) They claim the Ramirez judgment "significantly impacts" the scope of this action by determining "what class members or claims need to be adjudicated." (*Id.*) Plaintiffs contend that they have grounds to seek to vacate the Ramirez judgment because Defendants' concealment of Kirkhill's identity (1) constitutes extrinsic fraud[5] and (2) makes the Ramirez judgment void pursuant to California Code of Civil Procedure Section 473(d).[6] (Mot. at 14–19.) Plaintiffs claim that the Ramirez action and this action "involved the same set of employees working at the same location for the same employer during approximately the same class period," and the attorneys representing Kirkhill in both actions are the same. (*Id.* at 16.) They insist that Defendants "indisputably" knew that the actions were related but kept Plaintiffs' attorneys in the dark, in violation of their local, state, and federal obligations. (*Id.*)

Plaintiffs' accusations do not convince the Court of the need for a stay in this case. Even if Plaintiffs are correct that Defendants knew that Plaintiffs erroneously sued AVISTA instead of Kirkhill, none of the rules that Plaintiffs invoke require a defendant who feels it has been erroneously sued to affirmatively identify the right party, nor do they require a non-defendant to guess when it should have been a defendant in an action and voluntarily identify itself—such an argument would create absurd burdens on defendants and non-parties. (*See id.* at 14–19.)

Nor do Plaintiffs provide any evidence of concealment that would support extrinsic fraud or undermine the validity of the Ramirez judgment beyond conclusory statements

---

[5] "Extrinsic fraud occurs when a party is deprived of his opportunity to present his claim or defense to the court, where he was kept in ignorance or in some other manner fraudulently prevented from fully participating in the proceeding." *Heyman v. Franchise Mortg. Acceptance Corp.*, 107 Cal. App. 4th 921, 926 (2003).

[6] California Civil Procedure Code § 473(d) provides that "[t]he court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order."

and assumptions that Defendants "should have known" Plaintiffs wanted to sue Kirkhill. (*See id*. at 14–19.) Indeed, Plaintiffs do not appear to have been diligent in their own investigations—they waited until early 2016 (nearly two years after filing the Complaint) to investigate the case and serve discovery on AVISTA. (Herrera Decl. ¶ 4; *id.* Ex. B.) Thus, their belated realization that they sued the wrong defendant is more likely the result of their lack of diligence rather than Defendants' alleged "active concealment." (*Cf.* Reply at 11 ("The proximity between when the Ramirez settlement received final approval and when Kirkhill's attorney advised Plaintiffs' counsel of the Ramirez settlement further demonstrates that Kirkhill knew the two cases were related.").) Furthermore, Plaintiffs' assertions that Kirkhill defined the class, class period, and claims in the Ramirez settlement "in a way to deliberately wipe out claims" in the present action is based purely on speculation. (*See id.* at 10 ("If Kirkhill truly believed that the Lopez Action and Ramirez Action were not related, it had no reason to define the class period in the Ramirez settlement as starting four years prior to the date the Lopez Action was filed."); *id.* at 11 ("These claims, which have been vigorously litigated in the Lopez Action, were simply thrown into the Ramirez settlement as a 'bonus' to wipe out claims in the Lopez Action, further demonstrating that Kirkhill knew the two actions are related."); *id.* at 15–18.)[7]

It would be imprudent to stay this case based on these weak arguments of extrinsic fraud and invalidity of the Ramirez judgment, especially since it has been pending for nearly three years without much progress. (*See* Dkt. 100 at 1 ("In the last two and a half years, the Complaint has been amended three times and the case has seen very little progress, as the parties have filed numerous joint stipulations and *ex parte* applications to

---

[7] Plaintiffs argue that Kirkhill should have filed a notice of related cases in this action and the Vizcaino action to alert them to the Ramirez action. (Mot. at 12 (citing California Rules of Court Rule 3.3000(a)-(b) and Central District of California Local Rule 83-1.3.1).) However, the Ramirez action settled *before* Kirkhill was added as a defendant in the present action. Plaintiffs in this case originally alleged specific employment violations on the part of AVISTA and Aerotek. There was no need to file a notice of related case in these circumstances.

continue deadlines.").) Defendants are entitled to a speedy resolution of the case and the interests of justice counsel against any additional delays. (*See id.* at 2 ("The Federal Rules of Civil Procedure 'should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.' Additionally, 'Rule 16, the central pretrial rule, authorizes a court to manage cases so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated.'" (citations omitted).) Accordingly, Plaintiffs' request for a stay is DENIED.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand, for a stay, and for attorneys' fees and costs is DENIED.

DATED:  January 19, 2017

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE