PAUL K. HAINES (SBN 248226)
phaines@haineslawgroup.com
TUVIA KOROBKIN (SBN 268066)
tkorobkin@haineslawgroup.com
SEAN M. BLAKELY (SBN 264384)
sblakely@haineslawgroup.com
HAINES LAW GROUP, APC
2274 East Maple Ave.
El Segundo, California 90245
Tel: (424) 292-2350 | Fax: (424) 292-2355

JOSEPH TOJARIEH (SBN 265492)
jft@tojariehlaw.com
TOJARIEH LAW FIRM, PC
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
Tel: (310) 553-5533 | Fax: (310) 553-5536

SIMON ESFANDI (SBN 275307)
simon@esfandilaw.com
SIMON ESFANDI, A PROFESSIONAL LAW CORPORATION
12100 Wilshire Boulevard, Suite 1225
Los Angeles, California 90025
Tel: (310) 853-1924 | Fax: (310) 492-0415

Attorneys for plaintiffs
MARIA LOPEZ and ANGELO VIZCAINO

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LOPEZ, individually and on behalf of all others similarly situated; ANGELO VIZCAINO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AEROTEK, INC., a Maryland corporation; KIRKHILL-TA CO., a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. SACV14-803-CJC (JCGx)<br><br>**DECLARATION OF JOSEPH TOJARIEH IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>[Filed concurrently with Motion for Preliminary Approval of Class Action Settlement] |

1

DECLARATION OF JOSEPH TOJARIEH

## DECLARATION OF JOSEPH TOJARIEH

I, Joseph Tojarieh, am the attorney of record for Plaintiffs Maria Lopez and Angelo Vizcaino.  I am duly licensed to practice law in the State of California and am in good standing before the California State Bar. I have personal knowledge of all the following facts stated in this declaration and if called as a witness, I could and would competently testify thereto under oath:

1.    I graduated *summa cum laude* from the Honor's College of the University of California, Los Angeles (UCLA) with a Bachelor of Arts degree in Political Science and History. While at UCLA, I was a member of Phi Alpha Theta, the History Honors Society, and Pi Sigma Alpha, the National Political Science Honors Society. Moreover, I was placed on the Dean's Honor List throughout my undergraduate career.

2.    I subsequently received my Juris Doctor degree from Loyola Law School, Los Angeles, where I served as a staff member and Senior Note and Comment Editor of the Loyola Law School International Law Review. Moreover, I served as president of the Real Estate Law Society from 2007 to 2009, co-present of the Jewish Law Students Association from 2007 to 2009, and Inter-Organizational Council Chair of the day division of the Loyola Law School Student Bar Association from 2007 to 2009.

3.    I am duly licensed to practice before all state courts in California, all United States District Courts in California, all United States Bankruptcy Courts in California, and the United States Supreme Court. I am also an active member of the Consumer Attorneys Association of Los Angeles (CAALA) and California Employment Lawyers Association (CELA).

4.    I have been a practicing attorney for over seven years. Prior to graduating law school in 2009, I had approximately six years of legal experience.

5.    My practice has been devoted almost exclusively to employment litigation and I exclusively represent California employees.

6.      I was lead counsel on *Eduarte v. Los Angeles Turf Club, Incorporated*, a wage and hour class action involving claims for failure to provide meal and rest breaks, failure to pay overtime compensation, failure to provide timely and accurate wage statements, and waiting time penalties. The case settled for $1,210,820.26 and the class consisted of 530 current and former employees. Hon. Peter D. Lichtman (Ret.) approved the parties' settlement and appointed my firm and the Saghian Law Firm, PC as class counsel. At the preliminary approval hearing, he commended Plaintiffs' counsel on at least four occasions for their work on the approval motions and the results achieved.

7.      I was lead counsel on *Mohorne v. Church & Dwight Co., Inc.*, a wage and hour class action involving claims for failure to pay minimum wages, failure to provide meal and rest breaks, failure to pay overtime compensation, failure to provide timely and accurate wages, and waiting time penalties. The case settled for $700,000 and the class consisted of 211 current and former employees. Hon. Kenneth Freeman approved the parties' settlement and appointed my firm and the Saghian Law Firm, PC as class counsel.

8.      In addition, I have been appointed class counsel in the following two wage and hour class actions that have been granted preliminary approval:

- *Hunte v. ZIRX Technologies, Inc., et al*: This wage and hour class action involves claims for misclassification, failure to pay minimum wages, failure to provide meal and rest breaks, failure to pay overtime compensation, failure to provide timely and accurate wages, and waiting time penalties. The case has settled for $575,000.00 and the class consists of 271 current and former employees. The parties' settlement has been preliminary approved and my firm and the Saghian Law Firm, PC have been appointed as class counsel.

- *Reyes v. Parsec, Inc.*: This wage and hour class action involves claims for failure to pay minimum wage, failure to provide meal and rest breaks,

3

DECLARATION OF JOSEPH TOJARIEH

failure to pay overtime compensation, failure to provide timely and accurate wages, and waiting time penalties. The case has settled for $250,000.00 and the class consists of 39 current and former employees. The parties' settlement has been preliminary approved and my firm and the Saghian Law Firm, PC have been appointed as class counsel.

9.      I have had the time and resources to litigate the present action, in addition to the class actions identified above. I have had sufficient cash reserves to litigate these class actions at all times. In addition, I am highly selective with the cases I accept and limit the number of cases I take each year. Therefore, I have had the time to adequately analyze and litigate the present class action.

10.     Moreover, I am very familiar with employment law relating to class actions, their dynamics and also the risks inherent in litigating a class action through certification and trial. I have the resources, experience, and expertise necessary to protect fully and fairly the interests of the proposed class.

11.     In the off chance that I encounter a novel or complex issue, I am able to access the CELA and CAALA listservs to leverage the collective wisdom and resources of thousands of plaintiff-side employment, personal injury, consumer, and class action attorneys. In essence, the listservs allow small firms like mine to tap into a vast and sophisticated knowledge base.

12.     My office invested significant time and resources into this case, with payment contingent on the outcome of this case and deferred until the end of this case. The efforts of my firm have resulted in substantial benefits to the Class Members, allowing them to receive compensation for Defendants' alleged illegal wage and hour practices. Without the efforts of my firm, the claims at issue in this case would have almost certainly gone without remedy.

///

///

///

4

DECLARATION OF JOSEPH TOJARIEH

13.   The efforts of our office include, without limitation, the following:

- Interviewing Plaintiffs and reviewing documents provided by them;
- Conducting investigation regarding the nature of Defendants' business, prior lawsuits against Defendants, and Defendants' business operations;
- Interviewing witnesses regarding Defendants' wage and hour practices;
- Drafting and mailing to Defendants a demand letter, spoliation letter, PAGA letter, and letter requesting employment records pursuant to Labor Code sections 1198.5, 432, and 226(b);
- Engaging in extensive pre-litigation settlement discussions;
- Researching similar class action cases involving alleged failure to provide meal and rest breaks and rounding policy issues;
- Drafting and filing a Complaint in Orange County Superior Court;
- Engaging in extensive meet and confer conferences and correspondence regarding remand;
- Drafting and filing a Motion to Remand;
- Drafting and filing an Oppositions to Defendant Aerotek, Inc.'s Motion to Dismiss, Defendant Avista, Incorporated's Motion to Dismiss, and Defendant Paula Gutierrez's Motion to Dismiss;
- Obtaining relevant documents and information from Defendants through informal discovery;
- Reviewing in great detail time records, payroll records, and other employment records to develop a damages analysis;
- Preparing sophisticated and comprehensive damages spreadsheets;
- Scheduling mediation, preparing a comprehensive mediation brief, and attending a full day mediation;
- Engaging in several months of arm's-length, adversarial post-

5

DECLARATION OF JOSEPH TOJARIEH

mediation settlement discussions;

- Drafting and filing First Amended Complaint;
- Drafting, meeting and conferring, and filing Joint Report of Early Meeting of Counsel;
- Drafting, meeting and conferring, and filing Joint Stipulation to File Second Amended Complaint;
- Drafting and filing of Second Amended Complaint;
- Drafting and filing Oppositions to Defendant Aerotek, Inc.'s Motion to Dismiss and Strike and Defendant Avista, Incorporated's Motion to Dismiss or Strike;
- Drafting and requesting relevant documents and information from Defendants through formal discovery;
- Drafting and filing a Joint Stipulation to File Third Amended Complaint;
- Drafting and filing a Third Amended Complaint;
- Gathering documents and responding to Defendants' request for documents and information through formal discovery;
- Preparing for a second, full-day mediation;
- Reviewing the Settlement Agreement, Notice of Class Settlement, and accompanying documentation;

14.    In addition, I expect class members calling and emailing my office to inquire about the status of the case and to ask for further information. Moreover, I will have to help prepare a Motion for Final Approval.

15.    As plaintiff-side employment lawyers, my co-counsel and I take an enormous financial risk in handling cases on a contingency fee basis. In addition to advance thousands of dollars in litigation costs and spending time working on a case and proving it up, we must pay for overhead expenses, including staff payroll, rent, insurance, taxes, and telephone charges. These expenses are paid

6

DECLARATION OF JOSEPH TOJARIEH

regardless of the outcome of any case. When a case is resolved short of trial or if it goes to trial and we win, it is only fair that we are paid appropriately, because the contingency of the work has been fulfilled.

16.    We take far greater risks in our profession than most. We do this because we believe in advocating for rights of employees, who often do not have the resources to pay an attorney on an hourly basis.  In addition, our compensation is unpredictable. We could easily find legal work that would give us more predictable compensation, hours, and benefits. Instead, we agree to represent clients on a contingency basis because, as champions for employee rights and welfare, we understand that these individuals may otherwise not have access to our judicial system.

17.    The risk in class action litigation is even higher than in individual employment cases. In addition to proving our clients' cases, we must meet all of the elements of class certification and prove manageability. Even in cases where we obtain a settlement, the court must approve the settlement after the court and any objectors have scrutinized it. Moreover, we routinely expend substantially more money, time, and resources litigating class action cases. By taking on this class action, we lost the opportunity to take on other individual employment cases, for which we routinely charge a higher contingency percentage than the contingency percentage that we are requesting in this case and which do not involve the complexities and hurdles of class action litigation.

18.    The law provides that attorneys like my co-counsel and me should be appropriately compensated for taking the risks that we do. We take on cases that present a number of issues, uncertainties, and risk. In my humble opinion, our firms provide legal services that are first rate, fair, honest, and result oriented. For us to continue protecting employee rights, it is crucial that we receive a fair contingency percentage when we obtain a recovery.

///

7

19.     By reaching a settlement, the significant risk that this Court may deny class certification is eliminated. Moreover, additional litigation will delay resolution of Class Members' claims and may even reduce the amount of money they recover. The uncertainties of litigation and trial are endless. There is no guarantee that Class Members will receive any money should the Parties continue to litigate this case.  With the Settlement, Class Members receive a certain and immediate recovery with an opportunity to opt-out of the Settlement if for any reason they are not satisfied.

20.     Further, while Plaintiffs are confident in the merits of their case, Defendants have legitimate arguments as to each cause of action, as explained in detail in the Motion for Preliminary Approval. Proving the amount of wages due to each individual class member would also be an expensive, time-consuming, and extremely uncertain proposition.

21.     In sum, in light of the obstacles inherent in class actions, Defendants' defenses, and the time, expense, and risks of litigation, the Settlement represents a reasonable compromise and a good result for the Settlement Class.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 28, 2017 at Los Angeles, California.

TOJARIEH LAW FIRM, PC

By: _____

JOSEPH TOJARIEH
Attorney for Plaintiffs
MARIA LOPEZ and ANGELO VIZCAINO

8

DECLARATION OF JOSEPH TOJARIEH